IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv252

| | |
|---|---|
| TARA DIANE CANUP, ) ) Plaintiff, ) ) v. ) ) MICHAEL J. ASTRUE, Commissioner ) of Social Security, ) ) Defendant. ) _____ ) | MEMORANDUM AND RECOMMENDATION |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 7 & # 11]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 11], **DENY** Plaintiff's motion [# 7], and **AFFIRM** the Commissioner's decision.

I.  Procedural History

Plaintiff filed an application for disability benefits on March 22, 2006, alleging disability beginning December 15, 2004. (Transcript of Administrative

-1-

Record ("T.") 107.) This claim was denied and was not pursued further by Plaintiff. (T. 107.) Plaintiff then filed another application for disability benefits alleging a disability beginning November 15, 2004. (T. 107.) Subsequently, Plaintiff amended the onset date to March 19, 2005. (T. 107.) After a hearing, the ALJ denied the claim, finding that Plaintiff was not disabled. (T. 115.) After the appeals counsel denied Plaintiff's request for review on July 14, 2010, no further appeal was taken. (T. 74-78.)

On January 12, 2009, Plaintiff protectively filed another application for a period of disability alleging that she became disabled on December 23, 2008. (T. 18, 165.) The Social Security Administration denied Plaintiff's claim, finding that she was not disabled. (T. 123-27.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 128-30.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 35-67.) The ALJ then issued a decision finding that Plaintiff was not disabled. (T. 18-29.) Subsequently, the Appeals Council denied Plaintiff's request for review of the decision. (T. 1-6.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II.     Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his March 21, 2011, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 29.) The ALJ

made the following specific findings:

    (1)    The claimant last met the insured status requirements of the Social Security Act on December 31, 2009.

    (2)    The claimant did not engage in substantial gainful activity during the period from her alleged onset date of December 23, 2008 through her date last insured of December 31, 2009. (20 CFR 404.1571 *et seq.*).

    (3)    Through the date last insured, the claimant had the following severe impairment: insulin-dependent diabetes. (20 CFR 404.1520(c)).

    (4)    Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

    (5)    After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b).

    (6)    Through the date last insured, the claimant was capable of performing past relevant work as a shift supervisor for fast food, waitress, front desk clerk, secretary, billing clerk and after school worker. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

    (7)    The claimant was not under a disability, as defined in the Social Security Act, at any time from December 23, 2008, the alleged onset date, through December 31, 2009, the date last insured (20 CFR 404.1520(f)).

(T. 20-29.)

## VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Analysis[1]

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

## A. The ALJ did not err in Evaluating the Medical Opinions

Plaintiff contends that the ALJ erred by rejecting the medical opinion of Dr. Grace Barnes, who conducted a psychological evaluation of Plaintiff on April 1, 2009. In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527.

Here, the ALJ properly evaluated the medical opinion of Dr. Barnes. As the ALJ explained, Dr. Barnes based her opinion, in part, on the findings of Dr. Hoogerman from November 12, 2008. (T. 22.) The findings of Dr. Hoogerman, however, were prior to the alleged onset date in this case and had been rejected in a prior decision that Plaintiff did not appeal. (T. 113.) Moreover, the ALJ's determination that the restrictions imposed by Dr. Barnes were too restrictive is supported by substantial evidence in the record. Dr. Barnes noted that during the evaluation, Plaintiff had no difficulty understanding or responding to questions or directions. (T. 349.) Her memory and attention skills were relatively intact. (T. 349.) Moreover, this was a one time evaluation and the assessment of Dr. Barnes

was based in part on the subjective complaints of Plaintiff.  See 20 C.F.R. § 404.1527.  Finally, the medical evidence in the record as well as Plaintiff's activities of daily living reflect that Plaintiff's depression was not severe as she routinely canceled follow up visits for treatment and declined medical treatment.  Upon a review of the record in this case, the ALJ did not err in evaluating the medical opinion of Dr. Barnes, and the decision of the ALJ is supported by substantial evidence in the record.

> **B.     The ALJ's Credibility Determination is Supported by Substantial Evidence in the Record**

As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible.  Craig, 76 F.3d at 589.  Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence.  Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process.  Id. at 594; Hines, 453 F.3d at 565.  First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms.  20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565.  If the ALJ finds that a claimant suffers such an impairment and that it could reasonable be expected

to produce the symptoms or pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact his or her ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595. In addition to the objective medical evidence, the ALJ considers: (1) the daily activities of claimant; (2) the location, duration, frequency, and intensity of the claimant's pain and symptoms; (3) factors that predicate or aggravate the claimant's pain and symptoms; (4) the type, dosage, effectiveness, and side effects of any medication claimant takes in order to alleviate the pain or symptoms; (5) any

treatment other than medication that claimant received to alleviate the pain or symptoms; (6) any additional measure that claimant used to relieve the pain or symptoms; (7) any other factors concerning claimant's functional imitations and restrictions resulting from the pain or symptoms. 20 C.F.R. § 404.1529(c)(3); see also Aytch, 686 F. Supp. 2d at 605.

The ALJ's credibility determination must constitute more than a conclusory statement that the claimant's allegations are not credible. SSR 96-7p, 1996 WL 374186 (Jul. 2, 1996). The decision must contain specific reasons for the finding and must "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Id.

Here, the ALJ applied this two step process in assessing Plaintiff's statements regarding her symptoms, including her depression, neuropathy in her hands and feet, and diabetes. The ALJ first determined that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged. (T. 25.) The ALJ noted that some of Plaintiff's stated symptoms included numbness and a decreasing ability to grip and hold items with her hands. (T. 24-5.) The ALJ then found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent

they are inconsistent with the above residual functional capacity assessment." (T. 25.) The ALJ provided specific and detailed reasons for why he found Plaintiff's testimony not fully credible. (T. 24-28.)

The ALJ found that Plaintiff's activities of daily living are inconsistent with the reported severity of her symptoms. (T. 25-6.) The ALJ noted that Plaintiff did household chores with the help of her older son and husband, drove, cared for her four-year old son, prepared meals, shopped, and spoke with her mother daily. (T. 25.) She also reported that her occupation was homemaker. (T. 25.) In addition, the ALJ found that the objective medical evidence in the record did not support the level of disability alleged by Plaintiff, and that her alleged depressive symptoms would most likely improve with better medication compliance. (T. 25-27.) Moreover, during the relevant time period she did not seek follow up medical treatment for her alleged symptoms. (T. 26.) Finally, in contrast to Plaintiff's contention to the contrary, the school records submitted by Plaintiff do not demonstrate that she is learning disabled.

Although Plaintiff may disagree with the result that the ALJ reached based on the application of this two step process, the record is clear that the ALJ applied the correct legal standard in assessing Plaintiff's credibility. The decision also contains specific reasons for the ALJ's credibility finding that are sufficiently specific to

make clear to Plaintiff and this Court the weight the ALJ gave to Plaintiff's statements, as well as the reasons for that weight. See SSR 96-7p. Finally, upon a review the evidence in record and the transcript of the hearing, the Court finds that the ALJ's determination that Plaintiff's testimony was not fully credible is supported by substantial evidence in the record. Accordingly, the Court finds that Plaintiff's contention that the ALJ erred in evaluating the frequency and severity of Plaintiff's symptoms is without merit.

### VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 11] **DENY** Plaintiff's motion [# 7], and **AFFIRM** the Commissioner's decision.

Signed: November 27, 2012

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).